IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE SUENDERHAFT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1553 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| JEFFREY BEARD, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Shane Suenderhaft is a former state prisoner who was assaulted by another inmate while incarcerated at the State Correctional Fayette, located in LaBelle, Pennsylvania. Plaintiff alleges that Defendants violated his civil rights by failing to protect him from the assault.

Defendants have filed a Partial Motion to Dismiss (Doc. 3) asserting that no claim has been stated against Defendant Beard, and seeking to dismiss "official capacity" claims against the remaining Defendants. Plaintiff, through counsel, has responded (Doc. 9) and he concedes that Defendant Beard should be dismissed. Plaintiff disagrees that his official capacity claims should be dismissed.

A. **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim

1

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

**B.      <u>Analysis.</u>**

Defendants assert that Plaintiff's claims against them in their "official capacities" are the functional equivalent of claims against the Commonwealth of Pennsylvania and are, therefore, barred.  Plaintiff does not indicate in his Complaint whether he sues Defendants in their individual capacities, their official capacities, or both.  However, Plaintiff seems to argue both that he is entitled to sue Defendants in their official capacities, and that the he has in fact sued them in their individual capacities as well.

Lawsuits against the Commonwealth of Pennsylvania are barred by the Eleventh Amendment.  <u>Quern v. Jordan</u>, 440 U.S. 332, 340-341 (1979).  When individual Commonwealth employees are sued in their official capacity, the action is considered to be against the Commonwealth itself.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).  The immunities available to Defendants sued in their official capacity are the same as those possessed by the Commonwealth.  Accordingly, to the extent that Plaintiff is making "official capacity" Section 1983 claims, they are barred and those claims are dismissed.  <u>Id</u>., at 167.

Defendants have filed a *Partial* Motion to Dismiss on the theory that Plaintiff also is asserting individual capacity claims in this case.  Thus, the Court will, like Defendants, read the allegations in the Complaint as claims against the Defendants in their individual capacities.

AND NOW, this 17th day of August, 2009,

IT IS HEREBY ORDERED that Defendants' Partial Motion to Dismiss (Doc. 3) is GRANTED.  Defendant Beard is dismissed from this case, as are Plaintiff's claims against the

3

remaining Defendants in their official capacities.  Claims against the Defendants (except Defendant Beard) in their individual capacities shall remain.

        s/Cathy Bissoon
        CATHY BISSOON
        UNITED STATES MAGISTRATE JUDGE